# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JACQUELINE S. REDMOND, and | ) | |
| CARVEL ANTHONY REDMOND | ) | CASE NO.: 23-10302-AMC |
| Debtors | ) | |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | ) | |
| CAPITAL ONE AUTO FINANCE, A | ) | |
| DIVISION OF CAPITAL ONE, N.A. | ) | **LOCATION:** |
| Movant | ) | 900 Market Street, Suite 400 |
| vs. | ) | Courtroom No. 4 |
| | ) | Philadelphia, PA 19107 |
| JACQUELINE S. REDMOND, and | ) | |
| CARVEL ANTHONY REDMOND | ) | |
| | ) | |
| and           Respondent(s) | ) | |
| | ) | |
| SCOTT F. WATERMAN | ) | |
| | ) | |
| Trustee | ) | |

**STIPULATION RESOLVING CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

Came on for consideration the Motion for Relief from Automatic Stay (Doc. 23) filed by Capital One Auto Finance, a division of Capital One, N.A. its assigns and/or successors in interest, ("Movant"), in the above entitled and numbered case, regarding the 2022 Nissan Kicks Utility 4D SV 1.6L I4, V.I.N. 3N1CP5CV2NL497241 (the "Collateral"). The Court, having considered said Motion and agreement of counsel, is of the opinion that the following Stipulation should be entered.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtors shall continue to remit to Movant the regular post-petition monthly payments of $470.00, beginning May 05, 2023.

3. **Debtors are to pay post-petition arrearage in modified plan:** The parties stipulate that unpaid amount due post-petition total is $940.00 ("Post-petition Arrearage"). Within 30 days of entry of this Order, the Debtors must either (i) pay the Movant the Post-petition Arrearage; or (ii) file a proposed modification of the plan to add the Post-petition Arrearage to the plan. If the Debtors fail to file a modification or pay the Post-petition Arrearage and fail to do either, it is Final Default under this order. The pre-petition arrears to be paid through the plan are an additional $940.00.

4. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5. **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

6. **Default:** A default will occur in the event, (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 2, (2) Debtors fail to file modification of plan or pay the Movant post-petition arrearage, within 30 days of entry of this order, (3) Debtors default in making plan payments, (4) Debtors fail to keep the Collateral insured, or (5) Collateral is total loss. If Debtors default in any way under the terms of this

stipulation,

Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. Cure payments must be made by certified funds only and Movant may charge Debtors $50.00 for any notice given pursuant to this Order. If the account is not brought current within the fifteen-day period, Movant may be granted relief from the automatic stay imposed by 11 U.S.C. §362 as it relates to the Movant and the Collateral upon filing a Certification of Counsel that Debtors is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtors, Debtors' counsel, and Chapter 13 Trustee. If the stay terminated pursuant to this Agreed Order, Movant shall be allowed to enforce all its rights and remedies in the Collateral as permitted under the Contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

**IT IS FURTHER ORDERED THAT:** Movant may immediately enforce and implement this Order granting relief from the Automatic Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtors' attorney, and the Chapter 13 Trustee that the Automatic Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: May 11, 2023

*Michael D. Sayles*
MICHAEL D. SAYLES
Attorney for the Debtors

CONSENTED TO BY:

DATED: 5/12/23

*Regina Cohen*
REGINA COHEN
Attorney for Capital One Auto Finance, a division of Capital One, N.A.

CONSENTED TO BY:

DATED:

/s/Ann Swartz  for Scott F. Waterman, Trustee
SCOTT F. WATERMAN
Chapter 13 Trustee

SO ORDERED:

ENTERED ON: May 17, 2023

Ashely M. Chan
United States Bankruptcy Judge

4